obtained in violation of the Fourth Amendment to the United States Constitution.

"A. Whether a public telephone booth is a constitutionally protected area so that evidence obtained by attaching an electronic listening recording device to the top of such a booth is obtained in violation of the right to privacy of the user of the booth.

"B. Whether physical penetration of a constitutionally protected area is necessary before a search and seizure can be said to be violative of the Fourth Amendment to the United States Constitution.

"2. Whether the search warrant used by the Federal officers in the instant case violated the Fourth Amendment to the United States Constitution in that said warrant was (a) not founded on probable cause; (b) an evidentiary search warrant and (c) a general search warrant."

The Court also wishes counsel to brief and present oral argument on the holding in *Frank* v. *United States,* 347 F. 2d 486, as it may affect this case. *Burton Marks* for petitioner. *Solicitor General Marshall, Assistant Attorney General Vinson* and *Beatrice Rosenberg* for the United States.

No. 918. WILL, U. S. DISTRICT JUDGE *v.* UNITED STATES. C. A. 7th Cir. Certiorari granted. *Harvey M. Silets* for petitioner. *Solicitor General Marshall, Assistant Attorney General Rogovin* and *Joseph M. Howard* for the United States.

No. 867. BUCK *v.* CITY OF OREGON. Sup. Ct. Ohio. Certiorari denied. *Merritt W. Green* for petitioner. *John J. Burkhart* for respondent.